Leon WEST, Plaintiff-Appellant,

v.

George INFANTE, Albany County Sheriff, Defendant-Appellee.

No. 1061, Docket 82–2234.

United States Court of Appeals, Second Circuit.

Submitted April 18, 1983.

Decided May 9, 1983.

Leon West, pro se, plaintiff-appellant.

Jeffrey J. Tymann, Albany, N.Y. (Carter, Conboy, Bardwell, Case & Blackmore, Albany, N.Y.), for defendant-appellee.

Before LUMBARD, WINTER and PRATT, Circuit Judges.

PER CURIAM:

Leon West appeals *pro se* from a July 1, 1982 judgment and order of the United States District Court for the Northern District of New York entered by Chief Judge Munson dismissing his complaint for failure to state a claim upon which relief can be granted pursuant to Fed.R.Civ.P. 12(b)(6) and adopting the report of Magistrate Edward M. Conan. We reverse.

In his complaint, West seeks damages against Infante, the sheriff of Albany County. West alleges that while he was a pretrial detainee in the Albany County Jail, Infante repeatedly denied him contact visits with family and friends in violation of the fourteenth amendment to the federal constitution, of 42 U.S.C. 1983, and "of State Law."

A *pro se* complaint may not be dismissed for failure to state a claim unless it appears "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson,* 355 U.S. 41, 45–6, 78 S.Ct. 99, 101–102, 2 L.Ed.2d 80 (1957). Reading West's complaint liberally, *Haines v. Kerner,* 404 U.S. 519, 520, 92 S.Ct. 594, 595, 30 L.Ed.2d 652 (1972), and considering his allegations as truthful, *Cooper v. Pate,* 378 U.S. 546, 84 S.Ct. 1733, 12 L.Ed.2d 1030 (1964), we believe he has stated a claim sufficient to withstand a motion to dismiss.

Although the question of whether a pretrial detainee has a federal constitutional right to contact visits has not been resolved in this circuit since the Supreme Court decision in *Bell v. Wolfish,* 441 U.S. 520, 99 S.Ct. 1861, 60 L.Ed.2d 447 (1979), it nevertheless appears that West has a colorable constitu-

tional claim. Prior to *Wolfish*, we had decided that pretrial detainees had a due process right to contact visits. *Marcera v. Chinlund*, 595 F.2d 1231 (2d Cir.), *vacated sub nom. Lombard v. Marcera et al.*, 442 U.S. 915, 99 S.Ct. 2833, 61 L.Ed.2d 281 (1979). In *Wolfish*, the Supreme Court rejected that position. Instead, the Court held that the conditions of pretrial confinement must be measured by whether or not those conditions amount to punishment without due process of law. 441 U.S. at 535, 99 S.Ct. at 1871. While it remains to be seen whether the result in *Marcera v. Chinlund* survives the stricter standard of *Bell v. Wolfish*, West's Section 1983 claim ought not to be dismissed on the pleadings without a proper record.

We agree with the magistrate that West has not alleged a viable equal protection claim, and we do not consider on this motion to dismiss either the possible application of *Parratt v. Taylor*, 451 U.S. 527, 101 S.Ct. 1908, 68 L.Ed.2d 420 (1981), or the possible preclusive effect of the state court class action to compel contact visits, both of which are more appropriately addressed by motion after the defendant has answered.

We note in addition that West's complaint states a pendant state constitutional claim to a right to contact visits which appears on its face to have merit. *Cooper v. Morin*, 49 N.Y.2d 69, 424 N.Y.S.2d 168, 399 N.E.2d 1188 (1979), *cert. denied*, 446 U.S. 984, 100 S.Ct. 2965, 64 L.Ed.2d 840 (1980).

Reversed.